UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANIEL MEDINA,

                            Plaintiff,

              -against-

                                                                                **COMPLAINT**
                                                                                                 **Plaintiff Demands A**
CITY OF NEW YORK, NEW YORK CITY POLICE       **Trial by Jury**
DEPARTMENT, UNDERCOVER POLICE OFFICER
UC229, POLICE OFFICER ANTONIO PAGAN, SHIELD
# 8223, POLICE OFFICER FNU RIVERA, SHIELD #635
and DETECTIVE DARREN BRUCE, SHIELD #1290,

                              Defendants.
------------------------------------------------------------------------X

        Plaintiff, by DEVON M. WILT, his attorney, respectfully alleges as follows:

## *JURISDICTION*

        1.      This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983 and 1985.

        2.      Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under State Law; to wit false arrest; false imprisonment; intentional infliction of emotional distress; negligent hiring and retention; and negligent training and supervision.

## *VENUE*

        3.      The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County, City and State of New York, in the Southern District of New York.

## *PARTIES*

4. Plaintiff, **ANIEL MEDINA (MEDINA),** is and was at all times herein mentioned, a citizen and a resident of the County, City and State of New York.

5. At all times herein mentioned, the plaintiff **MEDINA** resided in apartment 4E located at 550 Fort Washington Avenue, New York, New York 10033.

6. The defendant, **CITY OF NEW YORK (CITY)**, is a municipal corporation and political subdivision of the State of New York.

6. The defendant, **NEW YORK CITY POLICE DEPARTMENT (NYPD)**, is a municipal agency under the supervision and control of the defendant **CITY**.

6. That the defendant *UNDERCOVER POLICE OFFICER UC229, (UC P.O. 229)*, is a police officer employed by the defendants, **CITY** and **NYPD**.

7. That the defendant *POLICE OFFICER ANTONIO PAGAN, SHIELD # 8223 (P.O. PAGAN)*, is a police officer employed by the defendants, **CITY** and **NYPD**.

8. That the defendant *POLICE OFFICER FNU RIVERA, SHIELD # 635 (P.O. RIVERA)*, is a police officer employed by the defendants **CITY** and **NYPD**.

9. That the defendant *DETECTIVE DARREN BRUCE, SHIELD # 1290 (DET. BRUCE)*, is a detective employed by the defendants *CITY* and *NYPD*.

10. That all times herein mentioned, the defendants *UC P.O. 229, P.O. PAGAN* and *P.O. RIVERA* were employed by the defendants, *CITY* and *NYPD*, in the capacity of police officers, and were acting in such capacity as the agents, officers, servants and employees of the defendants, *CITY* and *NYPD*. Each is sued individually and in their official capacity.

11. That all the times herein mentioned, defendants, *UC P.O. 229, P.O. PAGAN* and *P.O. RIVERA,* were acting under color of state law and under their authority as police officers for the defendants, *CITY* and *NYPD*.

12. That all times herein mentioned, the defendant *DET. BRUCE* was employed by the defendants, *CITY* and *NYPD*, in the capacity as a detective and was acting in such capacity as an agent, officer, servant and employee of the defendants, *CITY* and *NYPD*. He is sued individually and in his official capacity.

13. That all the times herein mentioned, defendant *DET. BRUCE* was acting under color of state law and under his authority as a detective for the defendants, *CITY* and *NYPD*.

14. That all the times herein mentioned, defendants, *UC P.O. 229, P.O. PAGAN*, *P.O. RIVERA* and *DET. BRUCE*, were assigned to the 34th Precinct by the defendants, *CITY* and *NYPD*.

15. That all the times herein mentioned, defendants, *UC P.O. 229, P.O. PAGAN*, *P.O. RIVERA* and *DET. BRUCE,* were all members and participants in a Tactical Plan for a Buy and Bust on September 19, 2012, during the 1:00 P.M. to 9:00 P.M. tour at location 25 Post Avenue, New York, New York.

## *CONDITION PRECEDENT*

16. Plaintiff has duly and timely served a statutory Notice of Claim upon the defendants *CITY* and *NYPD*.

17. The plaintiff has complied with all the conditions precedent to the institution of this action and have complied with all the provisions of the charter of the City of New York in relation thereto and in particular have duly presented his claim herein to the Comptroller and Corporation Counsel of the City of New York for adjustment, and that more than thirty (30) days

have elapsed since the presentation of said notice of claim and that said claims remain unadjusted and the Comptroller of the City of New York has failed and refused to make any adjustment or payment of the same and the plaintiff, prior to the commencement of these actions and within ninety (90) days after the injuries hereinafter described were received, duly served their notice of intention to sue upon the claims hereinafter set forth, and that fifteen (15) months have not elapsed since the accrual of this cause of actions against the defendants.

## FACTS

18. On September 19, 2012, Plaintiff's friend Irving Alomar (ALOMAR) was a tenant of the residential building located at 25 Post Avenue, in the County, City and State of New York.

19. On September 19, 2012, at or about 5:20 P.M., plaintiff was lawfully outside of 25 Post Avenue, New York, New York while waiting for his friend ALOMAR.

20. Plaintiff was approached by defendants *P.O. RIVERA* and *DET. BRUCE*.

21. Defendants *P.O. RIVERA* and *DET. BRUCE* forcibly stopped plaintiff *MEDINA*.

22. Defendants *P.O. RIVERA* and *DET. BRUCE* did not show any form of identification or arrest warrant to the plaintiff *MEDINA*.

23. Defendants *P.O. RIVERA* and *DET. BRUCE* did not have either probable cause or a warrant to stop plaintiff.

24. Defendants *P.O. RIVERA* and *DET. BRUCE,* while acting in active concert, searched Plaintiff's person and found no contraband.

25. Defendant *DET. BRUCE* did not feel plaintiff fit description given by defendant *UC P.O. 229*.

26. Defendants *P.O. RIVERA* and *DET. BRUCE,* while acting in active concert, handcuffed and arrested the plaintiff *MEDINA*.

27. Defendants *P.O. RIVERA* and *DET. BRUCE* did not inform plaintiff why he was being arrested.

28. Defendants, *P.O. RIVERA* and *DET. BRUCE,* while acting in active concert, escorted the plaintiff *MEDINA* outside of the building and to a defendant *NYPD* van.

29. Defendants, *P.O. RIVERA* and *DET. BRUCE,* while acting in active concert, waited with plaintiff *MEDINA* for five (5) minutes outside of the defendant *NYPD* van.

30. Defendant *UC P.O. 229* approached defendants *P.O. RIVERA* and *DET. BRUCE* and plaintiff and confirmed plaintiff's identity as the drug dealer.

31. Defendants *P.O. RIVERA* and *DET. BRUCE* place plaintiff into defendant *NYPD* van.

32. Defendant *P.O. PAGAN* drove plaintiff to 34th Precinct located at 4295 Broadway, New York, New York 10033.

33. Defendant *P.O. PAGAN* never informed plaintiff why he was being arrested.

34. At the 34th Precinct, Plaintiff was photographed, fingerprinted and processed at the 34th Precinct.

35. Defendants, *P.O. RIVERA, UC P.O. 229, DET. BRUCE* and *P.O. PAGAN,* knew that they did not have just or probable cause to arrest the plaintiff.

36. Defendants, *P.O. RIVERA, UC P.O. 229, DET. BRUCE* and *P.O. PAGAN,* intentionally detained the plaintiff *MEDINA* without cause.

37. Plaintiff *MEDINA* was placed in a holding cell at the 34th Precinct.

38. Plaintiff *MEDINA* was arraigned in the Criminal Court of the City of New York, County of New York, on the following Misdemeanor Complaint, Docket No. 2012NY073305.

39. The Misdemeanor Complaint, Docket No. 2012NY073305 charged plaintiff *MEDINA* with the following crimes:

>Criminal Sale of Marijuana In The Fourth Degree
>
>Criminal Possession of Marijuana In The Fifth Degree
>
>Unlawful Possession Of Marijuana

40. At arraignment, plaintiff *MEDINA* was released on his own recognizance (ROR).

41. On April 9, 2013, plaintiff's Misdemeanor Complaint, Docket No. 2012NY073305 charges were reduced by the New York County District Attorney to the following crimes:

>Attempted Criminal Sale of Marijuana In The Fourth Degree ("B" Misdemeanor)
>
>Unlawful Possession Of Marijuana As A Violation In A Prosecutor's Information

42. On April 9th-11th, 2013, Plaintiff was on trial before Judge James Burke in Jury Part 5 of the Criminal Court for the County of New York.

43. On April 11, 2013, Plaintiff was found Not Guilty on both charges of Docket No. 2012NY073305.

44. Defendants, *P.O. RIVERA, UC P.O. 229, DET. BRUCE* and *P.O. PAGAN,* jointly and severally, while acting in active concert, committed the following acts:

    a) Without a legal or just reason or probable cause arrested and imprisoned plaintiff.

    b) Covered-up their actions.

    c) Held plaintiff *MEDINA* at the 34th Precinct knowing that they did not have probable cause to detain plaintiff.

c)     Held plaintiff ***MEDINA*** at the 34th Precinct knowing that they did not have probable cause to detain plaintiff.

d)     Failed and refused to timely advise plaintiff of the reasons for his arrest.

i)     Falsely swore to a Criminal Court Complaint charging plaintiff ***MEDINA*** with ***Criminal Sale Of Marijuana In The Fourth Degree*** and other related charges when the defendants knew that plaintiff had not committed such crimes.

### *FIRST CAUSE OF ACTION*

45.     Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "44" of the complaint, as if the same were set forth more fully and at length herein.

46.     That as a direct and proximate result of the intentional and malicious acts of the defendants, ***P.O. RIVERA, UC P.O. 229, DET. BRUCE*** and ***P.O. PAGAN***, jointly and severally, as described aforesaid, all committed under color of state law and under their authority as police officers and detectives employed by the defendants, **CITY** and **NYPD**, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **NYPD**, the defendants, caused the plaintiff to be falsely arrested and detained.

47.     That by engaging in the foregoing acts, practices and courses of conduct, defendants, ***P.O. RIVERA, UC P.O. 229, DET. BRUCE*** and ***P.O. PAGAN***, used their positions as **NYPD** police officers and detectives for improper purposes, subjecting plaintiff to arrest, deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from unlawful, false and illegal arrest, search and

seizure of his person without probable cause, to be free from unnecessary searches, to be informed as to the reasons for his detainment and arrest, and to be secure in his right to liberty.

48. That none of the aforesaid acts which were perpetrated upon plaintiff were done as a consequence of any improper, criminal or suspicious conduct on the part of the plaintiff.

## *SECOND CAUSE OF ACTION*

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "44" herein, as if the same were set forth herein more fully and at length.

50. The defendants, *P.O. RIVERA, UC P.O. 229*, *DET. BRUCE* and *P.O. PAGAN*, jointly and severally, acting in concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of the plaintiff *MEDINA's* Constitutional and Civil Rights as previously alleged, did actively conspire to prevent plaintiff *MEDINA* from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify their actions and in furtherance of, they did commit the following acts:

    a.    Refused to safeguard plaintiff from an unlawful arrest, stop and search.

    b.    Created and maintained a false premise for the arrest and detention of the plaintiff.

    c.    Covered-up the actions of each other.

    d.    Helped to detain plaintiff for an unreasonable period of time despite plaintiff's repeated requests for information regarding his detainment.

e. Assisted each other in the stop, arrest and search of plaintiff for violations of the Penal Law of the State of New York, despite the fact that there was no just or probable cause for said arrest.

f. Falsely arrested and imprisoned plaintiff **MEDINA** at the 34th Precinct and the New York County Criminal Courts Building knowing that they did not have probable cause to do so.

g. Failed and refused to timely advise plaintiff of the reasons for his arrest.

h. Falsely swore to a Criminal Court Complaints charging plaintiff **MEDINA** with *Criminal Sale Of Marijuana In The Fourth Degree* and other related charges when the defendants knew that plaintiff had not committed such crimes.

i. Without a legal or just reason or probable cause falsely arrested and imprisoned plaintiff.

51. That by engaging in the foregoing acts, the defendants, **P.O. RIVERA, UC P.O. 229, DET. BRUCE** and **P.O. PAGAN,** all committed under color of state law and under their authority as police officers and detectives of the defendants, **CITY** and **NYPD**, and while acting in the scope of their employment and pursuant to authority vested in them by the defendants, **CITY** and **NYPD**, the defendants, jointly and severally, entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiff **MEDINA** of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff **MEDINA** of his rights, privileges and immunities.

53. That defendants, *CITY* and *NYPD*, by their deliberate acts, gross negligence and reckless conduct in failing to adequately train, discipline and supervise defendants, *P.O. RIVERA, UC P.O. 229, DET. BRUCE* and *P.O. PAGAN,* and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their agents, servants and employees, directly caused the harm suffered by plaintiff *MEDINA.*

54. That the acts of the defendants, *P.O. RIVERA, UC P.O. 229, DET. BRUCE* and *P.O. PAGAN,* committed under color of state law, deprived the plaintiff *MEDINA* of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

*WHEREFORE*, the plaintiff demands judgment against each defendant, jointly and severally, together with the costs and disbursements of this action.

Dated: New York, New York
      June 23, 2015

                                    Yours, etc.

                                    DEVON M. WILT
                                    Attorney for Plaintiff
                                    **ANIEL MEDINA**
                                    7 Dey Street, Suite 1401
                                    New York, New York 10007
                                    (212) 406-9200

| Index No.: | Year | RJI No.: | Hon: |
|---|---|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANIEL MEDINA

       Plaintiff,

 -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, UNDERCOVER POLICE OFFICER UC229, POLICE OFFICER ANTONIO PAGAN, SHIELD # 8223, POLICE OFFICER FNU RIVERA, SHIELD #635 and DETECTIVE DARREN BRUCE, SHIELD #1290,

       Defendants.

---

COMPLAINT

**DEVON M. WILT**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**7 DEY STREET
NEW YORK, N.Y. 10007
(212) 406-9200**

---

| To: | Signature (Rule 130-1.1-a) |
|---|---|
| Print name beneath | Attorney(s) for |
| Service of a copy of the within Dated, | is hereby admitted. |
| | Attorney(s) for |

Please take notice
i NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
i NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at         on

To:

Attorney(s) for:

Yours, etc.
DEVON M. WILT
Attorney for Plaintiff
**7 DEY STREET, SUITE 1401
NEW YORK, NY 10007**