UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANIEL MEDINA,

                           **Plaintiff,**

                    -against-

POLICE OFFICER ABISAG RIVERA, SHIELD #635

                        **Defendants.**
------------------------------------------------------------------X

15-CV-4866-AKH

SECOND AMENDED <u>COMPLAINT</u>
Plaintiff Demands A Trial by Jury

Plaintiff, by DEVON M. WILT, his attorney, respectfully alleges as follows:

## <u>JURISDICTION</u>

1. This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983 and 1985.

2. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under State Law; to wit false arrest; false imprisonment; intentional infliction of emotional distress; negligent hiring and retention; and negligent training and supervision.

## <u>VENUE</u>

3. The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County, City and State of New York, in the Southern District of New York.

## PARTIES

4. Plaintiff, **ANIEL MEDINA (MEDINA)**, is and was at all times herein mentioned, a citizen and a resident of the County, City and State of New York.

5. At all times herein mentioned, the plaintiff **MEDINA** resided in apartment 4E located at 550 Fort Washington Avenue, New York, New York 10033.

6. The defendant **POLICE OFFICER ABISAG RIVERA, SHIELD # 635 (P.O. RIVERA)**, is a police officer employed by the **CITY** and **NYPD**.

7. The **CITY OF NEW YORK (CITY)** is a municipal corporation and political subdivision of the State of New York.

8. The **NEW YORK CITY POLICE DEPARTMENT (NYPD)** is a municipal agency under the supervision and control of the **CITY**.

9. The **UNDERCOVER POLICE OFFICER UC229, (UC P.O. 229)**, is a police officer employed by the, **CITY** and **NYPD**.

10. The **POLICE OFFICER ANTONIO PAGAN, SHIELD # 8223 (P.O. PAGAN)**, is a police officer employed by **CITY** and **NYPD**.

11. The **DETECTIVE DARREN BRUCE, SHIELD # 1290 (DET. BRUCE)**, is a detective employed by the **CITY** and **NYPD**.

12. The **UNDERCOVER POLICE OFFICER UC228, (UC P.O. 228)**, is a police officer employed by the **CITY** and **NYPD**.

13. The **UNDERCOVER POLICE OFFICER UC258, (UC P.O. 229)**, is a police officer employed by **CITY** and **NYPD**.

14. The **DETECTIVE MICHAEL MACDONGALL, SHIELD # 1963 (DET. MACDONGALL)** is employed by the **CITY** and **NYPD**.

15. The **LIEUTENANT LUIS PINEIRO, SHIELD # 902208 (LT. PINEIRO)**, is a detective employed by the **CITY** and **NYPD**.

16. That at all times herein mentioned, defendant **P.O. RIVERA**, and **UC P.O. 229, P.O. PAGAN, UC P.O. 228** and **UC P.O. 258,** were employed by the **CITY** and **NYPD**, in the capacity of police officers, and were acting in such capacity as the agents, officers, servants and employees of the **CITY** and **NYPD**. Defendant **P.O. RIVERA** is sued individually and in his official capacity.

17. That all the times herein mentioned, defendant **P.O. RIVERA,** and the above named police officers, were acting under color of state law and under their authority as police officers for the **CITY** and **NYPD**.

18. That all times herein mentioned, the **DET. BRUCE** and **DET. MACDONGALL,** were employed by the **CITY** and **NYPD**, in the capacity as a detective and was acting in such capacity as an agent, officer, servant and employee of the **CITY** and **NYPD**.

19. That all the times herein mentioned, **DET. BRUCE** and **DET. MACDONGALL** were acting under color of state law and under his authority as detectives for the **CITY** and **NYPD**.

20. That all times herein mentioned, the **LT. PINEIRO** was employed by the **CITY** and **NYPD**, in the capacity as a Lieutenant and was acting in such capacity as an agent, officer, servant and employee of the **CITY** and **NYPD**.

21. That all the times herein mentioned, **LT. PINEIRO** was acting under color of state law and under his authority as a lieutenant for the **CITY** and **NYPD**.

22. That all the times herein mentioned, defendant **P.O. RIVERA,** and each ot he above named police officers, were assigned to the 34th Precinct by the **CITY** and **NYPD**.

23. That all the times herein mentioned, defendant **P.O. RIVERA,** and each of the above named police officers, were all members and participants in a Tactical Plan for a Buy and Bust Narcotics Sale on September 19, 2012, during the 1:00 P.M. to 9:00 P.M. tour at location 25 Post Avenue, New York, New York.

## *CONDITION PRECEDENT*

24. Plaintiff has duly and timely served a statutory Notice of Claim upon the **CITY** and **NYPD.**

25. The plaintiff has complied with all the conditions precedent to the institution of this action and have complied with all the provisions of the charter of the City of New York in relation thereto and in particular have duly presented his claim herein to the Comptroller and Corporation Counsel of the City of New York for adjustment, and that more than thirty (30) days have elapsed since the presentation of said notice of claim and that said claims remain unadjusted and the Comptroller of the City of New York has failed and refused to make any adjustment or payment of the same and the plaintiff, prior to the commencement of these actions and within ninety (90) days after the injuries hereinafter described were received, duly served their notice of intention to sue upon the claims hereinafter set forth, and that fifteen (15) months have not elapsed since the accrual of this cause of actions against the defendant.

## *FACTS*

26. On September 19, 2012, defendant **P.O. RIVERA,** and each of the above named police officers( tactical team), jointly and severally, were participants in a Tactical Plan for a Buy and Bust Narcotics Sale which was conducted in the vicinity of 25 Post Avenue, in the County, City and State of New York ("Tactical Plan").

27. On September 19, 2012, **UC P.O. 228** and **UC P.O. 258**, were "Ghosts" during the Tactical Plan and their duties were to watch **UC P.O. 229** in the vicinity of 25 Post Avenue in order to protect **UC P.O. 229** and communicate information to the other named during the Tactical Plan.

28. On September 19, 2012, Irving Alomar (ALOMAR), a friend of Plaintiff, was a tenant of the residential building located at 25 Post Avenue, in the County, City and State of New York.

29. On September 19, 2012, at or about 5:20 P.M., plaintiff was lawfully outside of 25 Post Avenue, New York, New York waiting for his friend ALOMAR.

30. Plaintiff was approached by defendant **P.O. RIVERA** and **DET. BRUCE**.

31. Defendant **P.O. RIVERA** and **DET. BRUCE** forcibly stopped plaintiff.

32. Defendant **P.O. RIVERA** and **DET. BRUCE** did not show any form of identification and did not have an arrest warrant for plaintiff.

33. Defendant **P.O. RIVERA** and **DET. BRUCE** did not have either probable cause or a warrant to stop plaintiff.

34. Defendant **P.O. RIVERA** and **DET. BRUCE,** while acting in active concert, searched Plaintiff's person and found no contraband.

35. Plaintiff had his New York State Identification card, house keys, metro card, cell phone, cell phone charger, headphones and $1.87 of United States Currency on his person.

36. Defendant **P.O. RIVERA** and **DET. BRUCE** took plaintiff's property.

37. **DET. BRUCE** did not believe that plaintiff fit the description given by **UC P.O. 229.**

38. Defendant *P.O. RIVERA* and *DET. BRUCE,* while acting in active concert, handcuffed and arrested the plaintiff.

39. Defendant *P.O. RIVERA* and *DET. BRUCE* did not inform plaintiff why he was being arrested.

40. Defendant *P.O. RIVERA* and *DET. BRUCE,* while acting in active concert, escorted the plaintiff to a *NYPD* van.

41. Defendant *P.O. RIVERA* and *DET. BRUCE,* while acting in active concert, waited with plaintiff for five (5) minutes outside of the *NYPD* van.

42. *UC P.O. 229* approached defendant *P.O. RIVERA* who was standing with *DET. BRUCE* and plaintiff and confirmed plaintiff's identity as the person he had purchased narcotics from.

43. Defendant *P.O. RIVERA* along with *DET. BRUCE* placed plaintiff into an *NYPD* van.

44. *P.O. PAGAN* drove plaintiff to 34th Precinct located at 4295 Broadway, New York, New York 10033.

45. *P.O. PAGAN* never informed plaintiff why he was being arrested.

46. Plaintiff was photographed, fingerprinted and processed at the 34th Precinct, in the County of New York.

47. Defendant *P.O. RIVERA,* and each member of his tactical team, knew that they did not have just or probable cause to arrest the plaintiff.

48. Defendant *P.O. RIVERA,* and each member of his tactical team intentionally detained the plaintiff without cause.

49. Plaintiff was placed in a holding cell at the 34th Precinct.

50. Plaintiff was arraigned in the Criminal Court of the City of New York, County of New York, on the following Misdemeanor Complaint, Docket No. 2012NY073305.

51. The Misdemeanor Complaint, Docket No. 2012NY073305 charged plaintiff with the following crimes:

>Criminal Sale of Marijuana In The Fourth Degree
>
>Criminal Possession of Marijuana In The Fifth Degree
>
>Unlawful Possession Of Marijuana

52. At arraignment, plaintiff was released on his own recognizance (ROR).

53. On April 9, 2013, the charges in plaintiff's Misdemeanor Complaint, Docket No. 2012NY073305 were reduced to an Information by the New York County District Attorney to the following:

>Attempted Criminal Sale of Marijuana In The Fourth Degree ("B" Misdemeanor)
>
>Unlawful Possession Of Marijuana As A Violation

54. Plaintiff entered a plea of Not Guilty to the Information.

55. On April 9th-11th, 2013, a non-jury trial was held before Judge James Burke in Jury Part 5 of the Criminal Court of the City of New York, County of New York.

56. On April 11, 2013, Plaintiff was found Not Guilty by Judge Burke on both charges in the Information.

57. Defendant **P.O. RIVERA**, committed the following acts:

a) Without a legal or just reason or probable cause arrested and imprisoned plaintiff.

b) Covered-up his actions.

c) Held plaintiff at the 34th Precinct knowing that there was no existing probable cause to detain plaintiff.

d)   Failed and refused to timely advise plaintiff of the reasons for his arrest.

i)   Falsely swore to a Criminal Court Complaint charging plaintiff **MEDINA** with ***Criminal Sale Of Marijuana In The Fourth Degree*** and other related charges.

### *FIRST CAUSE OF ACTION*

58.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "57" of the complaint, as if the same were set forth more fully and at length herein.

59.   That as a direct and proximate result of the intentional acts of defendant ***P.O. RIVERA,*** and each member of his team, jointly and severally, as described aforesaid, all committed under color of state law and under his authority as a police officer employed by the **CITY** and **NYPD**, and while acting in the scope of his employment, and pursuant to authority vested in him by **CITY** and **NYPD**, the above, caused the plaintiff to be falsely arrested, detained and imprisoned.

60.   That by engaging in the foregoing acts, practices and courses of conduct, defendant ***P.O. RIVERA,*** and his tactical team, used their positions as **NYPD** police officers and detectives for improper purposes, subjecting plaintiff to arrest, deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from unlawful, false and illegal arrest, search and seizure of his person without probable cause, to be free from unnecessary searches, to be informed as to the reasons for his detainment and arrest, and to be secure in his right to liberty.

61.   That none of the aforesaid acts by, defendant ***P.O. RIVERA,*** and his tactical team were done as a consequence of any improper, criminal or suspicious conduct on the part of the plaintiff.

## **_SECOND CAUSE OF ACTION_**

62. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "57" herein, as if the same were set forth herein more fully and at length.

63. The defendant **P.O. RIVERA,** and his tactical team, jointly and severally, acting in concert and under color of state law, and each aiding and abetting one another with knowledge of the systematic violation of the plaintiff **MEDINA's** Constitutional and Civil Rights as previously alleged, did actively conspire to prevent plaintiff **MEDINA** from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify their actions and in furtherance of, they did commit the following acts:

   a. Refused to safeguard plaintiff from an unlawful arrest, stop and search.

   b. Created and maintained a false premise for the arrest, detention and imprisonment of the plaintiff.

   c. Covered-up the actions of himself and other team members.

   d. Helped to detain plaintiff for an unreasonable period of time despite plaintiff's repeated requests for information regarding his detainment.

   e. Assisted other team members in the stop, arrest and search of plaintiff for violations of the Penal Law of the State of New York, despite the fact that there was no just or probable cause for said arrest.

   f. Falsely arrested and imprisoned plaintiff **MEDINA** at the 34th Precinct and the New York County Criminal Courts Building

        knowing that he and the other team members did not have probable cause to do so.

   g.   Failed and refused to timely advise plaintiff of the reasons for his arrest.

   h.   Falsely swore to a Criminal Court Complaint charging plaintiff **MEDINA** with ***Criminal Sale Of Marijuana In The Fourth Degree*** and other related charges and at a non-jury trial in the Criminal Court of the City of New York, New York County, under oath swore to the charges and facts created by his team when he knew that plaintiff had not committed such crimes.

   i.   Without a legal or just reason or probable cause falsely arrested and imprisoned plaintiff.

64. That by engaging in the foregoing acts, defendant **P.O. RIVERA,** and his team, all committed under color of state law and under their authority as police officers and detectives of the **CITY** and **NYPD**, and while acting in the scope of their employment and pursuant to authority vested in them by the **CITY** and **NYPD**, defendant **P.O. RIVERA,** and his team, jointly and severally, entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiff **MEDINA** of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff **MEDINA** of his rights, privileges and immunities.

*WHEREFORE*, the plaintiff demands judgment against defendant ***P.O. RIVERA*** on each cause of action in the amount of One Million ($1,000,000.00) Dollars, together with the costs and disbursements of this action.

Dated: New York, New York
      December 5, 2016

Yours, etc.

DEVON M. WILT
Attorney for Plaintiff
**ANIEL MEDINA**
7 Dey Street, Suite 1401
New York, New York 10007
(212) 406-9200

Index No.:          Year        RJI No.:        Hon:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANIEL MEDINA

                 Plaintiff,

-against-

POLICE OFFICER ABISAG RIVERA, SHIELD #635,
                 Defendants.

SECOND AMENDED COMPLAINT

**DEVON M. WILT**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**7 DEY STREET
NEW YORK, N.Y. 10007
(212) 406-9200**

To:

                                                      Signature (Rule 130-1.1-a)

Print name beneath

                                                      Attorney(s) for

Service of a copy of the within
Dated,
                                                      is hereby admitted.

                                                      Attorney(s) for

Please take notice
[ ] NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
[ ] NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                  on

To:

Attorney(s) for:

                                        Yours, etc.
                                        DEVON M. WILT
                                        Attorney for Plaintiff
                                        **7 DEY STREET, SUITE 1401
                                        NEW YORK, NY 10007**